# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS, #K-60509, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 10-cv-971-JPG |
| NURSE WAHL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Davis, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a twenty year sentence for aggravated kidnaping, along with a concurrent sentence of fifty years for attempted murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A. However, before this preliminary review can be completed, the Court finds it necessary to address problems with Plaintiff's (First) Amended Complaint (Doc. 7).

Plaintiff filed his original complaint (Doc. 1) on December 1, 2010, claiming that he has

been suffering from severe pain and bleeding from his rectum each time he has a bowel movement or passes gas. The complaint describes his unsuccessful attempts to obtain medical attention for these problems starting with August 12, 2009, and including another incident on April 20, 2010. This complaint named as Defendants several medical staff: Defendants Nurse Wahl, Dr. Rector, and Dr. Shepard, and Health Care Unit Administrators Fenton and Brown. Plaintiff also named several non-medical-staff Defendants: Warden Davis, Sherry Benton of the Administrative Review Board, Grievance Officer Deen, and Counselor Kisro.

On February 23, 2011, Plaintiff filed his (First) Amended Complaint Adding Additional Defendants (Doc. 7). This complaint described a new incident that occurred on August 19, 2010, in which three non-medical-staff Defendants, Correctional Officers Bassett, Gale, and Hoffena, refused to allow Plaintiff to obtain medical attention for his rectal bleeding. In addition, Plaintiff alleged that Defendant Bryant, the dietary manager, refused to give Plaintiff a non-soy diet (Plaintiff blames the soy content of the prison food for his rectal bleeding and other ailments). In this amended complaint, Plaintiff failed to include the allegations or Defendants outlined in his original complaint (Doc. 1), but instead attempted to incorporate those original allegations by reference (see Doc. 7, p. 2). This is not acceptable.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, an amended complaint must stand on its own, including all claims and defendants, and cannot incorporate by reference any portions of a prior complaint which has been voided by virtue of the filing of the amended complaint. The Court presumes that the Plaintiff does not wish to

abandon all the claims and defendants that were included in his original complaint. Accordingly, the (First) Amended Complaint (Doc. 7) shall be stricken from the record, and Plaintiff shall be given an opportunity to again amend his complaint.

In addition, Plaintiff's claim against Defendant Bryant for failure to provide a soy-free diet may not have arisen from the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against other Defendants for deliberate indifference to his medical needs. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Upon review of the Second Amended Complaint, if the Court determines that Plaintiff raises claims that are not sufficiently related to each other, the Court may sever any unrelated claims. If a claim is severed, it would be removed from this case and opened in a new case. A new case number would be assigned and a second filing fee would be assessed. If the Court determines that severance is appropriate, Plaintiff shall be notified and allowed an opportunity to voluntarily dismiss the claim to be severed, thus avoiding the imposition of a second filing fee.

Furthermore, as Plaintiff drafts his Second Amended Complaint, he is advised to keep in mind the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no supervisory liability in a civil rights suit. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir.

1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Defendants who were not directly involved in the alleged unconstitutional actions are subject to being dismissed from the case.

**IT IS HEREBY ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, naming the individual Defendants directly responsible for the alleged deprivations of his constitutional rights, within 35 days of the entry of this order (on or before August 18, 2011). As noted above, the Second Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file a Second Amended Complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE FROM THE RECORD** Plaintiff's (First) Amended Complaint (Doc. 7). In addition, because much of pages 2-6 of the original complaint (Doc. 1) are illegible in their current electronic form, the Clerk is further **DIRECTED** to re-scan pages 2-6 of Doc.1, and substitute/replace the existing pages 2-6 with the newly re-scanned pages.

Nothing in this Order should be construed as indicating an opinion on the merits of Plaintiff's claims. After Plaintiff files his Second Amended Complaint, the Court shall conduct preliminary review pursuant to 28 U.S.C. § 1915A, and shall dismiss any claims that are frivolous, fail to state a claim upon which relief may be granted, or otherwise fail to comply with the requirements of § 1915A. Service on the Defendants shall not be commenced until after the Court reviews the Second Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 14, 2011

*s/J. Phil Gilbert*
**United States District Judge**