IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS,<br><br>       Plaintiff,<br><br>   v.<br><br>DR. WAHL, *et al.,*<br><br>       Defendants. | Case No. 3:10-cv-00971 |

MEMORANDUM & ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("R & R") (Doc. 51), wherein it is recommended Dr. Rector's Motion for Summary Judgment (Doc. 42) be granted on the basis of failure to exhaust remedies. Plaintiff Davis has objected to the R&R (Doc. 52). After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* The Court must review *de novo* the portions of the report to which specific written objections are made. *Id.* "If no objection or only partial objection is made, the district court Judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Davis filed this suit on December 2, 2010 pursuant to 42 U.S.C. § 1983. No party has objected to the facts but the Court will restate them here for the purpose of readability. Davis is an inmate at Pinckneyville Correctional Center where he claims he received inadequate healthcare for a rectal bleeding problem. He believes the alleged conduct violated the Eighth Amendment of the United States Constitution and filed the present complaint to rectify wrongs

1

which occurred between April 2010 and August 2010. During this time period he filed numerous grievances. Davis has admitted and the Magistrate Judge has found only one of these grievances pertained to Dr. Rector and it was filed on February 13, 2011. This grievance forms the basis of Davis's objection and also was the subject of Magistrate Judge Frazier's R&R. The grievance did not identify Dr. Rector by name but referred to a "nurse sick call."

Davis has objected to summary judgment being granted because he believes his grievance of February 13, 2011 in which he refers to a "nurse sick call" is sufficient to exhaust his administrative remedies as to Dr. Rector. In support of this he cites the Illinois Administrative Code which governs prisoner's exhaustion requirements in this case and allows a prisoner to file a grievance when the name of the alleged wrongdoer is unknown. 20 Ill. Adm. Code. 504.810(b). Davis also cites to a Seventh Circuit case which held a grievance is sufficient as long as it objects intelligently to some asserted shortcoming. *See Riccardo v. Raush*, 375 F.3d 521, 524 (7th Cir. 2004).

Magistrate Judge Frazier addressed this issue in his R&R and after a *de novo* review the Court finds it to be an accurate statement of the law. First and foremost, Davis filed his complaint in this case on December 2, 2010. The grievance Davis then refers to was made on February 13, 2011. The Seventh Circuit has unequivocally held that exhaustion must occur *before* the suit is filed. *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004). The Prisoner Litigation Reform Act also requires "no action shall be brought…until such administrative remedies as are available are exhausted…" 42 U.S.C. § 1997e(a). Davis's grievance, regardless of its content, therefore cannot be used to exhaust remedies against a defendant *after* the lawsuit has been filed. Because Davis did not file a grievance against Dr. Rector in a timely manner, he has failed to exhaust his administrative remedies in regards to Dr. Rector. A defendant cannot

proceed in a suit without exhausting his remedies against each defendant. 42 U.S.C. § 1997e(a); *see also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). As administrative remedies were not exhausted as to Dr. Rector, summary judgment in favor or Dr. Rector is appropriate. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The Court therefore **ADOPTS** the R&R (Doc. 51) in its entirety and **GRANTS** Dr. Rector's Motion for Summary Judgment (Doc. 42). The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:** March 22, 2012

                 s./ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**