IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. **3:10-cv-00971-JPG-PMF** |
| DR WAHL, *et al.*, | ) |
|       Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Dr. Shepherd's (Doc. 64) motion for summary judgment and plaintiff Joseph Davis' (Doc. 88) response thereto. For the following reasons, it is recommended defendant Dr. Shepherd's motion for summary judgment (Doc. 64) be granted.

### I.   BACKGROUND

On December 2, 2010, the plaintiff, Joseph Davis, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Davis is an inmate at Pinckneyville Correctional Center ("Pinckneyville"), a correctional facility under the jurisdiction of the Illinois Department of Corrections ("IDOC"). In his complaint (Doc. 1) and subsequent amended complaint on July 19, 2011 (Doc. 15), Davis asserts that he received inadequate healthcare for a rectal bleeding problem while incarcerated at Pinckneyville between April 2010 and August 2010. Davis claims that the inadequate healthcare he received from prison officials at Pinckneyville, including defendant Dr. Shepard, during that time period violated his Eighth Amendment right in the U.S. Constitution to be free from cruel and unusual punishment.

On July 26, 2011, the Court conducted a preliminary review of the amended complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 16. In that order, the Court dismissed

seven of the ten defendants identified in the amended complaint. *See id*. at 14. The Court also found that Davis stated a deliberate indifference claim against three defendants, including defendant Dr. Shepherd. *See id*. at 9. Summary judgment was granted for defendant Dr. Rector on March 22, 2012. *See* Docs. 53, 66. Dr. Shepherd filed the instant (Doc. 64) motion for summary judgment on May 4, 2012 seeking a ruling on his affirmative defense of failure to exhaust administrative remedies. The other remaining defendant, Dr. Wahl, does not join Dr. Shepard on the instant (Doc. 64) motion.

## II. DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The IDOC has a three-step process that prisoners under their jurisdiction are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The grievance must contain factual details regarding

each aspect of the dispute, including "what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the [dispute]." *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer ("CAO"). *See* 20 Ill.Admin.Code § 504.830. The CAO typically advises the prisoner of the decision at step two in writing within two months after receipt of the written grievance. *See id*. The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. The ARB typically makes a final determination within six (6) months after receipt of the appealed grievance. *See id*. With regard to prisoners under the control of the IDOC, administrative remedies may be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

When there are factual issues relating to the exhaustion defense, the Court must resolve those issues by conducting an evidentiary hearing. *See Pavey*, 544 F.3d at 740-42. The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *See Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether:

    (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;
    (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or
    (c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*.

### A. Defendant Dr. Shepherd's Evidence

Dr. Shepherd argues that Davis failed to properly exhaust a grievance with respect to the remaining claim against him in this litigation. In support, the Dr. Shepherd has provided the affidavit of Sherry Benton, custodian of records for the ARB. *See* Doc. 66-1 at 1. Ms. Benton attests to searching ARB records for records concerning Davis. *See id*. Dr. Shepherd has attached 69 pages of grievances, letters, and responses as an exhibit to the (Doc. 64) motion for summary judgment. *See* Docs. 66-1 at 2-14; 66-2 – 66-5.

In addition to the Dr. Shepherd's evidence submitted with his (Doc. 64) motion for summary judgment, he has submitted two exhibits (B & C), which were admitted at the December 3, 2012 evidentiary hearing and made part of the record of this case. *See* Doc. 95. Exhibit B (Doc. 96) consists of 33 pages of grievance records subpoenaed from Pinckneyville. Exhibit C (Doc. 97) consists primarily of a 7-page cumulative counseling summary regarding Davis' contacts with counselors at Pinckneyville. Finally, Dr. Shepherd also offered the testimony Pinckneyville Grievance Officer Kimberly Deen at the December 3, 2012 evidentiary hearing.

### B. Plaintiff's Evidence

Davis has submitted evidence in response to Dr. Shepherd's (Doc. 64) motion for summary judgment in the form of his own affidavit. *See* Doc. 88 at 5. Davis attests that he submitted a grievance regarding Dr. Shepherd and did not receive it back from Pinckneyville prison officials. *See id*. Davis offered additional evidence in the form of his own testimony at the December 3, 2012 evidentiary hearing. *See* Doc. 95. Davis repeated the allegation provided

in his affidavit regarding the failures of prison staff at the institution level to respond to his grievance regarding Dr. Shepherd.

### C. <u>Analysis</u>

It is Dr. Shepherd's position that the evidence demonstrates by a preponderance of the evidence that Davis failed to properly exhaust his administrative remedies. A prisoner is required to strictly follow all rules established by the confining authority. *See Dole*, 438 F.3d at 809. If it is more likely than not that Davis failed to follow the correct process in exhausting his administrative remedies, then Dr. Shepherd should be dismissed. *See id*.

It appears it is Davis' position that he did all he could to exhaust his administrative remedies regarding Dr. Shepherd, but prison officials at Pinckneyville effectively made administrative remedies unavailable to him. A plaintiff is only required exhaust administrative remedies that are actually available to him. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citing 42 U.S.C. § 1997e(a); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001)); *see also Dale*, 376 F.3d at 656; *Dole*, 438 F.3d at 808-11. If it is evident that prison officials failed to respond to Davis' grievances regarding Dr. Shepherd, then administrative remedies were unavailable to him. *See, e.g., Dole*, 438 F.3d at 812 (finding that exhaustion was unavailable to pro se prisoner who claimed to have filed a grievance that IDOC prison officials had no record of).

Here, the evidence demonstrates that it is more likely than not that Davis failed to properly exhaust his administrative remedies, specifically, with regard to Dr. Shepherd. Of the many grievance records filed on the record, only one grievance, dated January 15, 2011, specifically mentions Dr. Shepherd. *See* Doc. 66-5 at 1. Aside from the problem that this grievance actually consists of a complaint regarding Dr. Wahl and not Dr. Shepherd, this

5

grievance was filed after the date this litigation began. The January 15, 2011 grievance is, therefore, irrelevant because a prisoner cannot file suit and then exhaust his administrative remedies while suit is pending. *See, e.g., Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (citing *Perez*, 182 F.3d 532).

Davis testified that he may have filed more than one grievance against Dr. Shepherd, but he was not positive and could not remember any specifics. Although he testified that he was exceptionally experienced at grieving issues at the institutional level, Davis stated he could not document any follow-up status requests regarding his missing exhaustion attempts as to Dr. Shepherd and could not re-produce copies of such grievances. On cross-examination, Davis stated that he may have only filed one grievance against Dr. Shepherd, but it was not processed by prison officials at Pinckneyville.

Other grievances on the record mention stomach and rectal bleeding issues, but they do not appear to complaints related to medical care provided by Dr. Shepherd. Specifically, four grievances dated April 19, 2010, July 6, 2010, July 23, 2010, and November 27, 2010 appear loosely related to the allegations of this case, but do not appear to be attempts to exhaust any issues as to care provided by Dr. Shepherd.[1] *See* Docs. 66-2 – 66-4 Finally, the cumulative counseling summary (Doc. 97) provides further support that Davis did not attempt to exhaust issues related to medical care provided by Dr. Shepherd during the relevant time period preceding this litigation.

Davis essentially asks the Court to accept his unsubstantiated claim that he attempted to exhaust his administrative remedies with regard to Dr. Shepherd and to disregard the

---

[1] It is readily apparent, however, that Davis attempted to exhaust administrative remedies as to defendant Dr. Wahl, but this defendant has not joined defendant Dr. Shepherd in the instant (Doc. 64) motion for summary judgment.

overwhelming evidence that Dr. Shepherd has provided suggesting otherwise. To find for Davis in this situation would set an unwelcome precedent. *See, e.g., Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002) ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem-or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)."). Accordingly, it will be recommended that the defendants Dr. Shepherd' (Doc. 64) motion for summary judgment be granted.

### III. CONCLUSION & RECOMMENDATION

For the forgoing reasons, it is recommended that defendant Dr. Shepherd's (Doc. 64) motion for summary judgment be granted as follows:

It is recommended that defendant Dr. Shepherd be dismissed from this case.

If this Report and Recommendation is adopted in its entirety, this case will continue against defendant Dr. Wahl.

**SO RECOMMENDED.**

**DATED: December 6, 2012.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**