IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH DAVIS,

        Plaintiff,

    vs.                                        Case No. 10-cv-971-JPG

DR. JILL WAHL, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Joseph Davis' motion for relief from judgment (Doc. 125) which the Court construes as a motion for reconsideration.

Defendant asserts the Court should review this motion under Rule 60(b) because Davis filed it beyond the 28-day time period in which he could file a motion pursuant to Rule 59(e). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (same). The Court must also consider that pursuant to the mailbox rule unrepresented prisoners' filings are deemed filed the date the prisoner attests he placed the document for mailing in institutional mail and that postage was prepaid. *Lee v. County of Cook*, 2 F. App'x 571, 573 (7th Cir. 2001).

This Court entered judgment on November 20, 2013, and Davis' motion for reconsideration was filed in this Court on December 20, 2013. Davis' attestation indicates he mailed the motion in the prison's institutional mail system on December 13, 2013; however, he fails to indicate he prepaid postage. Accordingly, Davis cannot take advantage of the prisoner mailbox rule because he failed to attest he had prepaid for postage. *See id.* Even if Davis had attached the appropriate affidavit or declaration that he had mailed the motion in the appropriate time frame and attached sufficient postage, his motion would fail under either Rule 59(e) or Rule 60(b).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Under Rule 60(b), relief is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant

relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Here, Davis' motion rehashes arguments contained in his response to the motion for summary judgment, which is not sufficient under either standard. Davis also references a mistake of fact made by the jailhouse lawyer that prepared his documents; however, that mistake, even if relevant to the Court's decision, does not entitle Davis to relief. Accordingly, because Davis has failed to provide sufficient reason warranting reconsideration under the Rules, the Court must **DENY** Davis' motion (Doc. 125).

**IT IS SO ORDERED.**

**DATED:** February 26, 2014

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**